**E-FILED**
Thursday, 03 August, 2006  03:56:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BEEKS, | ) |
| BARBARA BEEKS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.  06-4042 |
| | ) |
| PFIZER, INC. | ) **JURY DEMAND** |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER, ADDITIONAL DEFENSES, AND JURY DEMAND OF DEFENDANT PFIZER INC.

Now comes Defendant Pfizer Inc. (incorrectly identified in the caption as "Pfizer, Inc.") and for its answer to Plaintiffs' Complaint states as follows:

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 concerning Plaintiff Robert Beeks' residency, age, date or cause of injury, alleged use of Bextra®, or medical condition, and therefore denies the same.  Defendant denies that Bextra® caused injury to Plaintiffs.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 concerning Plaintiff Barbara Beeks' residency, age, or relationship to Robert Beeks, and therefore denies the same.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.     Defendant admits that Pfizer is a Delaware corporation with its principal place of business in the State of New York.  Defendant admits that, during certain times, Pfizer marketed and co-promoted valdecoxib under the trade name Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.     Defendant admits that the FDA approved Bextra® for use in the treatment of primary dysmenorrhea and the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as indicated in the package insert approved by the FDA.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Robert Beeks' prescription of Bextra®, and therefore denies the same.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 concerning Plaintiff Robert Beeks' alleged injury, and therefore denies the same.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 6 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

7.     Defendant admits that G.D. Searle LLC's ("Searle") sole member is Pharmacia & Upjohn Company LLC, which is a limited liability company whose sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation.

Defendant denies all remaining or inconsistent allegations contained in Paragraph 7 of Plaintiffs' Complaint and specifically denies that "Pfizer acquired Pharmacia, its assets and liabilities included."

8.    Defendant admits that, on January 16, 2001, G.D. Searle & Co. n/k/a G.D. Searle LLC filed a new drug application (NDA 21-341) for valdecoxib with the FDA, and that valdecoxib was later given the trade name "Bextra®" in the U.S. Defendant also admits that, on November 16, 2001, the FDA approved Bextra® for use in the treatment of primary dysmenorrhea and the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as indicated in the package insert approved by the FDA. Defendant admits that, during certain times, Pharmacia marketed Bextra® and that Pfizer marketed and co-promoted Bextra®. Defendant denies all remaining or inconsistent allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.    Defendant admits that, during certain periods of time, it co-promoted and marketed Bextra® in the United States for the indications set forth in the FDA-approved package inserts. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies all remaining or inconsistent allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was

and is safe and effective when used in accordance with its FDA-approved prescribing information.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint and specifically denies that Bextra® was or is "dangerous." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant admits that Bextra® is a selective COX-2 inhibitor non-steroidal anti-inflammatory drug ("NSAID").

12.     Defendant states that the allegations are vague and ambiguous and assert legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiffs fail to provide the proper context for the allegations set forth in Paragraph 12, and, therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant states that Bextra® at all times relevant had appropriate information in its FDA-approved label and that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies all remaining or inconsistent allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant denies all remaining or inconsistent allegations contained in Paragraph 13 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times

adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

14.    Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant denies all remaining or inconsistent allegations contained in Paragraph 14 of Plaintiffs' Complaint and specifically denies that that Bextra® caused injury to Plaintiffs or any decedent heretofore unknown. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

15.    Defendant admits that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005. Defendant denies all remaining or inconsistent allegations contained in Paragraph 15 of Plaintiffs' Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

16.    Defendant adopts and incorporates by reference its answers to all of the above allegations.

17.    Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant denies all remaining or inconsistent allegations contained in Paragraph 17 of Plaintiffs' Complaint, and specifically denies that Bextra® was or is "defective" or "unreasonably dangerous." Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

18.     Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, including subparts (a) through (e), and specifically denies that Bextra® was "defective" or "unreasonably dangerous."  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

## ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH IN COUNT I:

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count One of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count One.

23.    Defendant adopts and incorporates by reference its answers to all of the above allegations.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint and specifically denies that Bextra® is or was "unreasonably dangerous." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

25.    Paragraph 25 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties that are imposed by law, but denies that it has breached any such duties. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint and states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

26.    Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

27.    Defendant admits that it has duties that are imposed by law, but denies that it has breached any such duties. Defendant denies the remaining allegations contained in Paragraph 27 and specifically denies subparts (a) through (d). Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

28.    Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

## ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT II:

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count Two of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count Two.

29.    Defendant adopts and incorporates by reference its answers to all of the above allegations.

30.     Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiffs' meaning of "into the stream of commerce," and therefore denies the same. Defendant denies all remaining or inconsistent allegations contained in Paragraph 30 of Plaintiffs' Complaint. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint and specifically denies that Bextra® was "unfit" or "unreasonably dangerous" and specifically denies that Bextra® caused injury to Plaintiffs. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

## ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH IN COUNT III:

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count Three of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count Three. Plaintiffs adopt and incorporate by reference all the allegations above.

34.     Defendant adopts and incorporates by reference its answers to all of the above allegations.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

36.     Paragraph 36 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties that are imposed by law, but denies that it has breached any such duties. Defendant denies all remaining or inconsistent allegations contained in Paragraph 36 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

37.    Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint, including subparts (a) through (d), and specifically denies any "misrepresentations" or "omissions."  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

38.    Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint and specifically denies that Bextra® was "unreasonably dangerous."  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

39.    Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH IN COUNT IV:**

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore"

paragraph in Count Four of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count Four.

40.    Defendant adopts and incorporates by reference its answers to all of the above allegations.

41.    Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

42.    Paragraph 42 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties that are imposed by law, but denies that it has breached any such duties. Defendant denies all remaining or inconsistent allegations contained in Paragraph 42 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

43.    Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint and specifically denies subparts (a) through (d). Defendant denies any misrepresentations or omissions. Defendant states that the potential effects of Bextra® were and

are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

44.    Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 44 of Plaintiffs' Complaint and specifically denies that Bextra® was "unreasonably dangerous." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

45.    Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH IN COUNT V:**

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count Five of the Complaint.  To the extent a response is deemed necessary,

Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count Five.

46.     Defendant adopts and incorporates by reference its answers to all of the above allegations.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint and specifically denies any "misrepresent[ations]." Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint, including subparts (a) through (e), and specifically denies any "misrepresentations" or "active conceal[ment]." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint and specifically denies any false representations. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

50.    Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint and specifically denies any "fraudulent misrepresentations" or "active concealment." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

51.    Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint and specifically denies any "misrepresentations." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

52.    Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint and specifically denies any "conceal[ment]." Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

53.    Paragraph 53 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties that are imposed by law, but denies that it has breached any such duties. Defendant denies all remaining or inconsistent allegations contained in Paragraph 53 of Plaintiffs' Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

54.    Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint and specifically denies any "misrepresentations" or "active concealment."

55.    Defendant denies the allegations contained in paragraph 55 of Plaintiffs' Complaint and specifically denies that Bextra® caused injury to Plaintiffs.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH IN COUNT VI:**

Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count Six of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count Six.

**ANSWER TO CLAIM FOR DAMAGES:** Defendant denies that there is any legal or factual basis which entitles Plaintiffs to recover any of the relief claimed for in the Claim for Damages of the Plaintiffs' Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the Claim for Damages and specifically denies that Bextra® caused injury to Plaintiffs.

16

## ADDITIONAL DEFENSES

By asserting the following affirmative defenses, Defendant does not allege or admit it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

3.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.    The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant has no legal relation or legal duty to control.

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiffs in failing to exercise due and

proper care under the existing circumstances and conditions, and their damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on their behalf.

9.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.     Plaintiffs' claims are barred because their injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendant's conduct.

12.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiffs.

13.     Plaintiffs' claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

15.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.     The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contends should have been provided.

20.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

21.     Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.     The claims asserted in the Complaint are barred, in whole or in part, because Defendant did not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to these Plaintiffs.

23.     Plaintiffs' damages, if any, are limited by the failure to mitigate by Plaintiffs.

24.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

25.     The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

26.     Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

27.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

31.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation sold by Defendant or other sellers.

32.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

33.     Plaintiffs' claims are barred in whole or in part because Bextra® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.     Defendant reserves the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

36.     Plaintiffs' claims are barred in whole or part because they have been filed in an improper venue.

**JURY DEMAND**

Defendant hereby demands a jury trial on all issues so triable in this action.

Dated:  August 3, 2006          By:     /s/ Robert H. Shultz, Jr.
                                        HEYL, ROYSTER, VOELKER & ALLEN
                                        Robert H. Shultz, Jr. - #03122739
                                        103 West Vandalia Street, Suite 100
                                        Edwardsville, Illinois 62025
                                        Telephone:  (618) 656-4646
                                        **Attorneys for Pfizer Inc.**

OF COUNSEL:

Sara J. Gourley
Sherry A. Knutson
Elizabeth C. Curtin
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

**PROOF OF SERVICE**

    The undersigned certifies that on **August 3, 2006**, a copy of the foregoing was electronically filed with the Clerk of the Court for the Central District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**G Trent Marquis -** t.marquis@thepeoplesfirm.com

                                    /s/ Robert H. Shultz, Jr.
                                    HEYL, ROYSTER, VOELKER & ALLEN